MATTER OF NG

In DEPORTATION Proceedings

A-15893733

*Decided by Board December 11, 1963*

(1) Designation of country of deportation within step 3 of section 243(a), Immigration and Nationality Act, is solely at the discretion of the Attorney General.

(2) A Chinese crewman who arrived in the United States on a Netherlands vessel may be deported to that country under step 3 of section 243(a) of the Act and what the Netherlands may do after accepting the alien is of no consequence under the statute.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—nonimmigrant crewman.

This case comes forward on appeal from an order entered by the special inquiry officer on October 10, 1963, denying the respondent's application requesting that his deportation to the Netherlands be withheld as provided in section 243(h) of the Immigration and Nationality Act and directing that he be deported from the United States to the Republic of China on Formosa on the charge set forth in the order to show cause. The special inquiry officer further directed that the respondent be deported to the Netherlands in the event the aforenamed country advises the Attorney General that it is unwilling to accept him, the respondent, into its territory and it was further directed that he be deported to Hong Kong in the event the aforenamed country advises the Attorney General that it was unwilling to accept the respondent into its territory. The respondent, a 30-year-old male, native and citizen of China, has resided continuously in the United States since last entering at Port Everglades, Florida on or about September 7, 1962 as a nonimmigrant crewman, authorized to remain in the United States the period of time his vessel remained in port, in no event to exceed 29 days. He failed to comply with the terms of his admission and has remained in the United States without authority.

Deportation proceedings were instituted against the respondent on October 3, 1963. Hearings in deportation proceedings were held at New York, New York on October 7 and October 10, 1963. The record reflects that counsel and the respondent admitted the truth of the factual allegations set forth in the order to show cause and conceded deportability on the charge stated therein. The evidence in this record clearly establishes that the respondent is subject to deportation under section 241(a)(2) of the Immigration and Nationality Act, in that, after admission as a nonimmigrant under section 101(a)(15) of the Act, he remained in the United States for a longer time than permitted.

It is conceded that the respondent would not be subject to physical persecution in the event of his deportation to the Republic of China on Formosa (p. 3). The respondent was sailing on a vessel of Netherlands registry at the time of his arrival in the United States on September 7, 1962. The Service is in possession of a valid Netherlands seaman's book issued to the respondent at Amsterdam, Holland on October 11, 1961. The Service also has possession of a Hong Kong seaman's identification book issued to the respondent at the British Crown Colony of Hong Kong on November 3, 1959. The validity of the latter document expired on November 2, 1962 (p. 5). The respondent testified he signed on a Dutch ship at Hong Kong and went to Holland; that after the Netherlands seaman's identification book was issued to him at Amsterdam, Holland on November 11, 1961 he sailed out of Holland for a period of nine months prior to his arrival in the United States in September 1962 (p. 8). The respondent first entered Hong Kong from China in 1957 where he resided until 1959. The respondent has no family in Hong Kong or the Netherlands. He testified that he always had a berth on a Netherlands ship when sailing from that country.

Counsel's argument that the Service should attempt to deport the respondent to Hong Kong before directing his deportation to the Netherlands in the event the Republic of China on Formosa refuses to accept him is without merit. The country of selection is solely within the discretion of the Attorney General (cf. *Hom Sin* v. *Esperdy*, 209 F. Supp. 3). There is no basis for counsel's obscure and chimerical charges that if the respondent's deportation to the Netherlands is effected the end result will be his deportation to Communist China with whom the Netherlands Government maintains diplomatic relations. Section 243(a) of the Immigration and Nationality Act provides the procedure for deportation of aliens. First the alien is given the choice of designating the country to which he prefers to be deported or as in this case no designation is made by the alien, his deportation shall be directed to the country of which the alien is a sub-

ject national provided that country is willing to accept him. If such country fails to advise the Attornel General that it will accept him within the time set forth in the statute, the alien's deportation will be effected as provided in step (3) of section 243(a) of the Act. Step No. (3) allows for deportation to any one of seven categories of countries within the discretion of the Attorney General. The Service notes that the Netherlands Government has indicated its willingness to accept the respondent into the Netherlands. The validity of the respondent's Hong Kong seaman's identification book expired on November 2, 1962. His testimony shows that he has not lived in that country since 1959. In this connection the respondent's deportation to Holland is warranted under alternative provisions (1) and (2) of step (3) of section 243(a) of the Immigration and Nationality Act.

A valid seaman's identification book was issued to the respondent by the Netherlands Government at Amsterdam on November 11, 1961 and as previously noted he sailed from Holland aboard vessels of Netherlands registry for at least nine months prior to his arrival in the United States as a crewman aboard a vessel of the Netherlands registry in September 1962. There is nothing in this record that in any manner supports counsel's claim that if the respondent is deported to Holland he will then be deported to the mainland of China where he fears he will suffer physical persecution. It has been held that where a Chinese entered the United States as a seaman and overstayed his leave his deportation to Holland would not be stayed on the ground that the alien once in Holland would be sent out of that country. What the Netherlands may do after accepting an alien is of no consequence under the statute (cf. *U.S. ex rel. Tie Sing Eng v. Murff,* 165 F. Supp. 633, aff'd 266 F.2d 957; cert. den. 361 U.S. 840 and reh. den. 361 U.S. 904).

After carefully considering all the evidence of record, the decision of the special inquiry officer will be affirmed inasmuch as there is no claim of physical persecution as defined under section 243(h) of the Immigration and Nationality Act. Accordingly, the following order will be entered.

ORDER: It is ordered that the appeal be dismissed.